The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, Arkansas 72076-0156
Dear Senator Gwatney:
This is in response to your request for an opinion on two questions regarding the benefits of police officers participating in "Deferred Option Retirement Program" or "DROP." Specifically, your two questions are as follows:
 Are police officers who are DROP members entitled to receive the supplemental benefits provided for in Act 1452 of 1999 and are they entitled to any raises given to retired members by the pension fund's board of trustees?
RESPONSE
In my opinion the answer to your first question is "no." Active (not yet retired) police officers participating in the DROP program are not entitled to these supplemental benefits until they actually retire. That is, the supplemental benefits provided by Act 1452 may not be placed to their credit in the applicable DROP account. In my opinion the answer to your second question is a qualified "yes." To the extent you refer to "raises" authorized by the local board pursuant to A.C.A. § 24-11-102, DROP members may receive such "raises" only if they are included by the local board in the benefit increase by appropriate resolution.
Question 1 — Are police officers who are DROP members entitled to receivethe supplemental benefits provided for in Act 1452 of 1999?
Act 1452 of 1999 is codified in part at A.C.A. § 24-11-211 (Supp. 1999) and that statute provides in pertinent part as follows:
 (a) There is hereby created the Arkansas Policemen's Pension Supplement Program to be administered by the Arkansas Fire and Police Pension Review Board. Local and municipal police officers provide valuable services to the citizens of this state by risking their lives and health to protect the lives and property of our citizens. Upon their retirement from active service, these police officers are provided retirement benefits through local police pension funds. These retired police officers and their survivors, if deceased, are expected to pay for all kinds of expenses after their retirement, some which are unexpected and can be extremely expensive. A program by which the state can provide a modest annual supplement to retirement benefits to defray unexpected expenses for retired police officers and their survivors will benefit all local police officers, local governments, and all citizens of the state.
 (b) The Policemen's Pension Supplement Program Fund shall be created and established for the purpose of providing a state fund to provide financial assistance to certain retired police officers and their survivors who are receiving pensions from policemen's pension and relief funds. It shall be funded by that portion of those unallocated premium taxes levied on insurers for the support of police retirement programs which is transferred to the control of the board pursuant to § 24-11-302(j) (3).
* * *
 (d) Retired police officers and survivors shall be eligible for the pension supplement under this program as follows:
 (1) A retired police officer or survivor receiving retirement benefits from a local policemen's pension and relief fund of less than four hundred dollars ($400) per month shall receive a supplement under the program in an amount equivalent to raise his or her total benefits plus the supplement to four hundred dollars ($400) per month; and
 (2) A retired police officer or survivor currently receiving retirement benefits from a local policemen's pension and relief fund of four hundred dollars ($400) or more per month shall receive a supplement under the program of fifteen dollars ($15.00) per month.
 (e) Any retired police officers or their survivors may submit to the board an application for the pension supplement in a form specified by the board. The application form must be submitted between July 1 and July 31 of each year. Following July 31 of each year, the board shall review the applications submitted by the due date and shall pay to each eligible person an amount each month thereafter computed in accordance with subsection (d) of this section, which payment shall be treated for all purposes as a supplement to the retirement benefits received by such person. [Emphasis added.]
In my opinion the language used in this subsection is clear in restricting the supplemental benefits to "retired" police officers who are not still actively employed. Although for some purposes DROP members are treated similarly to retired police officers,[1] in my opinion the statute above does not have this effect. It is clear that the purpose of Act 1452 was to supplement the income of retirees who must subsist on their pensions or other limited income. In my opinion no intention is expressed to authorize the accumulation of such sums in a DROP account while the officer remains employed. If this had been the legislative intention, it could have been easily stated in Act 1452.
Question 2 — Are [drop members] entitled to any raises given to retiredmembers by the pension fund's board of trustees?
If this question refers to the "increase[s] in benefits" authorized at A.C.A. § 24-11-102, in my opinion the answer is a qualified "yes." They can be entitled to such raises, but only if such increase is outlined in the local board's resolution under that statute. A similar issue was discussed in Op. Att'y Gen. 97-435. It was noted therein that:
 The law governing DROP provides that when a member elects to participate in DROP, "[t]he monthly retirement benefits that would have been payable had the member elected to cease employment and receive a service retirement shall be paid into the [DROP account]." A.C.A. § 24-11-434(d)(3). Subsection (e)(1) of the same statute provides that: "The member's monthly retirement benefit shall not change, unless the plan receives a benefit increase." A.C.A. § 24-11-434(e)(1) (emphasis added). . . . The intent of this provision, in my opinion, was that when a member elects to participate in DROP, his retirement benefits are frozen in time as of that moment. He is not to receive any increased benefits by virtue of salary increases he may receive in the interim, or reap the benefit of additional years of credited service. He may, however, receive the benefit of an across-the-board increase in benefits payable to pension plan participants generally. For purposes of his benefits being paid into the DROP account, he is to be treated as any other retiree. His would-be pension benefits are simply deposited in a special account and held in abeyance while he continues to work and draw salary.
Op. Att'y Gen. 97-435 at 2-3.
My research has not disclosed any change in the applicable law on this point since the issuance of Opinion 97-435 and I concur with the conclusions reached therein. To the extent your second question refers to benefit increases awarded under A.C.A. § 24-11-102, in my opinion the answer to this question is "yes" with one qualification. The local board may distinguish among certain current and future retired members for the purpose of awarding an increase in benefits. See Op. Att'y Gen. 97-354. The board may "vote to grant a benefit increase to some classes of beneficiaries and not to others." Op. Att'y Gen. 98-167 (question 3).[2]
In order for the DROP members to be "entitled" to any "raises" given to retired members, such inclusion must be specified by the local board in its applicable resolution or otherwise.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] See, in this regard, Ops. Att'y. Gen. 97-116 (DROP members treated as retired members for purposes of election to local board); 94-215 (the particular context must be considered in determining whether to treat DROP members as "retired"); and 94-094 (DROP members not considered "retired" for purposes of limiting benefits of spouse wed after "retirement").
[2] It was noted in this opinion, however, that a benefit increase may not be awarded to DROP members only. Op. Att'y. Gen. 98-167, n. 2.